## A89A0020. FOWLER v. BOWMAN et al.

(381 SE2d 429)

McMurray, Presiding Judge.

On May 25, 1988, plaintiffs brought this declaratory judgment action seeking a declaration of their rights under a covenant not to compete. They alleged that, on September 25, 1987, they sold a convenience store to defendant; that the convenience store was located in Danville, Georgia; and that, in conjunction with the sale of the store, plaintiffs agreed they would not compete with defendant "for a period of five (5) years in either Danville, Georgia, or Allentown, Georgia." Additionally, plaintiffs alleged that they intended to operate a new convenience store upon a site "located two and one-half miles from the city limits of Allentown, Georgia, and one and one-half miles from the city limits of Danville, Georgia"; that defendant informed them the operation of a convenience store at that location would violate the covenant not to compete; and that, as a result of the controversy between plaintiffs and defendant and plaintiffs' uncertainty with respect to their rights, plaintiffs were in need of the guidance and protection of the court.

A copy of the covenant not to compete was attached to the complaint and incorporated therein by reference. In pertinent part, the covenant provides: "First Parties [plaintiffs] hereby agree and covenant that, from and after the execution of this agreement they will not at any time for a period of 5 years from the date hereof, either alone, or jointly with, or as agent for employee of any person or persons, firms, or corporations, excepting only as agent for or employee of the Second Party [defendant] either directly or indirectly set up, exercise, conduct, or be engaged, employed or interested in or carry on in Danville *and* Allentown, Georgia, the grocery, convenience, wash house, laundromat, gas, oil, diesel, etc. sales, as heretofore carried on and conducted by First Parties. . . ." (Emphasis supplied.)

Via rule nisi, the trial court set the matter for trial on July 6, 1988. Thereafter, service was perfected upon defendant.

Defendant answered the complaint and denied the material allegations set forth therein. Additionally, defendant counterclaimed seeking damages for fraud. In this regard, defendant alleged that the intent of the covenant not to compete was to restrict plaintiffs from operating a convenience store in the "general marketing area of Danville and Allentown, Georgia"; that at the time plaintiffs agreed not to compete with defendant "they were in fact looking for another convenience store location within the immediate marketing area of the present store"; that defendant purchased the convenience store relying upon plaintiffs' representations that they would not compete with defendant; and that plaintiffs' representations were false and made with an intent to defraud defendant.

The trial court called the case on July 6, 1988, and proceeded to hear the parties out. Defendant objected to going forward at that time. he insisted he had a right to have the case heard by a jury and that he should be afforded more time before going to trial to complete discovery.

Over defendant's objection, the trial court permitted plaintiffs to introduce evidence showing the location of the "new" convenience store to be "in between a mile and mile and a half . . . from the City of Danville" and "two to two and a half miles from the City of Allentown." No further evidence was adduced and the hearing was adjourned.

Thereafter, the trial court ruled: "[T]he agreement not to compete is not ambiguous and by its clear terms prohibits Plaintiffs from constructing a new store within the town limits of Allentown and Danville, Georgia. The proposed construction which is not located within these town limits is not violative of said agreement. THEREFORE, the Plaintiffs are within their legal rights in continuing and completing the improvement of their property free from any interference from the Defendant. The counterclaim of defendant is precluded and disallowed because the Court finds no issue of fact upon which this can operate."

Dissatisfied with the trial court's ruling, defendant appealed. *Held:*

We are perplexed by the procedural posture of this case. (Did the case proceed to trial without a jury? If not, what was the nature of the July 6, 1988, hearing?) Nevertheless, we are able to render a substantive decision.

In our view, the covenant not to compete is ambiguous on its face. The covenant prohibits plaintiffs from operating a convenience store *"in Danville and Allentown, Georgia."* (Emphasis supplied.) Does the italicized phrase refer to the town limits of Danville and Allentown? Or does it refer to a geographical marketing area known as Danville and Allentown? In the absence of parol evidence, we cannot tell. The phrase is equally susceptible to either meaning. See *Rippe v. Doran*, 4 Wash. App. 952 (486 P2d 107) (1971). See also 45 ALR3d Anno. 1339 (1972). It follows that the trial court erred in entering judgment in favor of plaintiffs and against defendant.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989.

*Talbot & Ladson, Thomas W. Talbot, Larry W. Rowe,* for appellant.

*Milton Harrison, William E. Hicks*, for appellees.